# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | | |
|---|---|---|
| RANDALL LAMAR NETHERY, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 4:17-CV-268 CDP |
| | ) | |
| JASON LEWIS, | ) | |
| | ) | |
| Respondent, | ) | |

## MEMORANDUM AND ORDER

This matter is before me on the petition of Randall Nethery for a writ of habeas corpus under 28 U.S.C. § 2254. The petition is barred by the statute of limitations. As a result, I will deny the petition under Rule 4 of the Rules Governing § 2254 Cases.

Petitioner was convicted of burglary, rape, and sodomy on January 23, 1992. *Missouri v. Nethery* No. CR189-158FX (St. Charles County). On March 3, 1992, the court sentenced him to three consecutive life sentences. The sentence was affirmed on appeal. *Missouri v. Nethery*, 870 S.W.2d 241 (Mo. Ct. App. 1994) (per curiam).

Petitioner filed a Rule 29.15 motion on about July 30, 1992. *Nethery v. Missouri*, No. CV192-4468CC (St. Charles County). The postconviction court denied the motion on August 17, 1992 because it was unverified, and therefore, did

not give jurisdiction to the circuit court.[1] The court also found that the motion was not timely filed because it was filed more than thirty days after the record on appeal was filed in the direct appeal.

According to petitioner's exhibits, the postconviction court did not appoint counsel to represent him. The public defender's office filed a motion to file notice of appeal out of time because of the lack of representation. Petitioner has not attached any order of the Missouri Court of Appeals regarding the postconviction motion, so the result of the motion is unclear.

Petitioner filed a successive motion for postconviction relief on March 23, 2014. *Nethery v. Missouri*, No. 1411-CC00276 (St. Charles County). The court dismissed the case after petitioner's counsel notified the court that in 1992 and 1993 petitioner had "filed one or more motions under Rule 29.15 the ultimate disposition of which is not clear from the Record."

In the instant petition, petitioner argues that trial counsel was ineffective and that he was unlawfully seized by the police.

Currently, a petitioner has one year from the date his judgment of conviction becomes final within which to file a petition for writ of habeas corpus. *See* 28 U.S.C. § 2244(d). However, the one-year statute of limitations did not exist when petitioner's Rule 29.15 motion was denied. The limitations period was added

---

[1] The motion and the order of the postconviction court are included in petitioner's response to the Court's show cause order.

when Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA").

The "time before the effective date of AEDPA, April 24, 1996, is not counted in computing the one-year period of limitation [under § 2244(d)]. Prisoners whose judgments of conviction became final before the effective date of AEDPA are given a one-year period after that date, or until April 24, 1997, plus any additional periods during which the statute is tolled." *Peterson v. Gammon*, 200 F.3d 1202, 1204 (8th Cir. 2000).

Petitioner has failed to show that any state proceedings tolled the limitations period between 1997 and the date he filed the petition. Therefore, I find that the petition is time-barred and must be dismissed.

Finally, petitioner has not demonstrated that jurists of reason would find it debatable whether the petition is untimely. As a result, I will not issue a certificate of appealability. 28 U.S.C. § 2253(c).

Accordingly,

**IT IS HEREBY ORDERED** that the petition for writ of habeas corpus is **DENIED**, and this action is **DISMISSED** with prejudice.

**IT IS FURTHER ORDERED** that I will not issue a certificate of appealability.

An Order of Dismissal will be filed forthwith.

Dated this 14th day of March, 2017.

                                                          CATHERINE D. PERRY
                                                          UNITED STATES DISTRICT JUDGE